UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

Case No.: 2:14-mc-51477
Hon. Gershwin A. Drain

SHANE BATEMAN,

        Defendant,
and

GENERAL MOTORS, LLC,

        Garnishee.
_____/

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT SHANE BATEMAN'S OBJECTION TO WRIT OF CONTINUING GARNISHMENT, REQUEST FOR HEARING, AND CLAIM FOR EXEMPTIONS [ECF No. 9]</u>**

On October 2, 2014, Defendant Shane Bateman pled guilty to Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i). Bateman was sentenced to a year in prison and ordered to pay restitution totaling $185,828.00. On June 23, 2025, the Government filed an Application for Writ of Continuing Garnishment as to Bateman and garnishee General Motors, LLC. Bateman filed an

1

objection and request for hearing on the writ, asking the Court to eliminate or reduce the amount he owes in restitution, or to reduce his monthly payments, given his financial difficulties and health issues. He also filed a claim for exemptions from the writ.

For the following reasons, Bateman's Objection to Writ of Continuing Garnishment, Request for Hearing, and Claim for Exemptions are **DENIED WITHOUT PREJUDICE.**

## I. BACKGROUND

From September 2011 to April 2012, Defendant Shane Bateman was involved in a scheme to defraud the Internal Revenue Service ("IRS"). *See United States v. Bateman*, Case No. 14-cr-20104 (E.D. Mich.), ECF No. 8, PageID.16. Bateman provided personal identification information of various individuals to a supervisor, who then used that information to prepare and file federal income tax returns which requested refunds based on reported tax withholdings that were false. *Id.* Proceeds from the scheme were loaded onto TurboTax Visa debit cards, which Bateman used to withdraw from ATMs in the Metro Detroit area, totaling about $186,000. *Id.* Bateman and his supervisor split the cash. *Id.*

Bateman was charged with Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(i). *Id.* at PageID.15. Bateman pled guilty. *Id.* On October 2, 2014, the Court sentenced Bateman to a year and one day in prison and ordered

that he pay restitution to the IRS in the amount of $185,828. *Bateman*, Case No. 14-cr-20104, ECF No. 13, PageID.54. To date, Bateman has paid $508.17 toward his obligation. ECF No. 12, PageID.81.

On June 23, 2025, the Government filed an Application for Writ of Continuing Garnishment against garnishee General Motors, LLC, ("GM"), on expectation and belief that GM owes or will owe Bateman nonexempt money or property. ECF No. 4, PageID.20. The Court issued the writ, which Bateman received on or about July 10 or 11, 2025. ECF No. 9, PageID.56. Within 20 days of that date, Bateman filed an Objection to the Writ of Continuing Garnishment, Request for Hearing, and Claim for Exemptions. *See id.* at PageID.55.

In his Objection, Bateman states that he did not know he owed anything further in the case and asserts that he has "dire circumstances" that the Court should consider. *Id.* at PageID.56–57. Specifically, Bateman states that he was diagnosed with Parkinson's disease and needs to save up his money as much as possible while he can still work. *Id.* at PageID.57. He also suffers from "constant pain" from past gunshot injuries. *Id.* Furthermore, Bateman's minor son relies on him financially, and Bateman must pay for "his son's vehicle and gas to and from school daily," which is 60 miles roundtrip. *Id.* As such, Bateman requests a hearing and asks the Court "eliminate or reduce" the amount he owes in restitution, "and/or set a smaller payment amount." *Id.* at PageID.58. Bateman also filed a sheet claiming exemptions

3

from garnishment, alleging that the following property cannot be garnished: his wearing apparel and schoolbooks; fuel, provisions, and personal effects; and a minimum exemption for wages, salary, and other income. ECF No. 9-3.

The Court ordered the Government to respond. The Government contends that Bateman offers no basis to revoke the writ and that Bateman's claimed exemptions are inapplicable.

Notably, GM has not yet answered the writ of garnishment as required under the law. *See* 28 U.S.C. § 3205(c)(3)(A), (6). The Government initially mailed the service package to GM on July 7, 2025, but it was returned to the Government with a label of "forward expired." ECF No. 12, PageID.78. The Government re-mailed it to GM's new service address on August 13, 2025. *Id*.

## II. LAW & ANALYSIS

### a. Legal Framework

The Government is permitted to enforce a criminal judgment imposing a monetary penalty "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). "The Federal Debt Collection Practices Act (FDCPA), 28 U.S.C. § 3001 *et seq.*, sets forth the civil enforcement procedures used by the United States to recover monies owed under a restitution order." *United States v. Avery*, No. 18-mc-50256, 2024 WL 2874554, at *2 (E.D. Mich. June 7, 2024) (citing 28 U.S.C. § 3001(a)(1)).

4

Under the FDCPA, the Government "may seek writs of garnishment against property in which a debtor has a substantial nonexempt interest in order to satisfy a judgment." *United States v. Dela Cruz*, No. 17-mc-50236, 2017 WL 2060181, at *2 (E.D. Mich. May 11, 2017) (citing 28 U.S.C. § 3205(a)).

When the Government seeks to enforce a judgment, including through garnishment, it is required to serve notice on the judgment debtor and on each person whom the Government has reasonable cause to believe has an interest in the property to which enforcement is directed. 28 U.S.C. § 3202(c). Within 20 days of receiving that notice, the judgment debtor may request a hearing and move to quash the Court's order granting the enforcement remedy. *Id.*(d). Such hearings are expressly limited to the following topics:

> (1) to the probable validity of any claim of exemption by the judgment debtor;
> (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to--
>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>> (B) the existence of good cause for setting aside such judgment.

*Id.*

Under the FDCPA, the garnishee is required to answer the writ of garnishment. 28 U.S.C. § 3205(c)(3)(A), (6). Within 20 days of receiving the

5

garnishee's answer, the judgment debtor is permitted to file a written objection to the answer and request a hearing. *Id.*(c)(5).

### b. Analysis

i. Bateman Has Not Shown That the Court Has Authority to Modify His Restitution, and Financial Difficulties Are Not a Defense to Garnishment

Bateman seeks to have the amount of restitution he owes be "eliminate[d] or reduce[d]," or have the Court "set a smaller payment amount" on the restitution debt. ECF No. 9, PageID.58. However, "a restitution order is a part of one's sentence." *United States v. O'Hara*, 114 F.4th 557, 560 (6th Cir. 2024) (quoting *United States v. Winans*, 748 F.3d 268, 271 (6th Cir. 2014)) (quotation marks omitted). A court does not have authority to modify a person's sentence "unless such authority is expressly granted by statute." *Id.* (quoting *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013)) (quotation marks omitted).

Bateman does not direct the Court's attention to any statutory provision that would empower the Court to modify his restitution order under the circumstances of this case. Indeed, restitution orders are final judgments and may only be modified in limited circumstances. *See* 18 U.S.C. 3664(o) (listing the circumstances under which

a restitution order may be modified). As such, Bateman's request to reduce or eliminate his restitution, or set a different payment schedule, must be denied.[1]

In any event, Bateman's request for a hearing on the issue of modifying his restitution order is not a defense within the purview of 28 U.S.C. § 3202(d). As the Court described above, that provision expressly limits the defenses that are cognizable against a writ of garnishment. Importantly, the "argument that [the defendant] is unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)." *United States v. Mahar*, No. 94-1232, 1994 WL 657089, at *1 (6th Cir. Nov. 21, 1994); *see also Avery*, 2024 WL 2874554, at *4 (stating that "financial hardship or inability to afford the amount of garnishment" is not a defense to a writ of garnishment (quotation marks omitted)); *Dela Cruz*, 2017 WL 2060181, at *2 (stating that "Defendant's objection related to economic hardship… does not qualify for exemption from garnishment."); *United States v. Miller*, No. 24-50082, 2024 WL 2148738, at *1 (E.D. Mich. Apr. 23, 2024) ("[F]inancial hardship is not a cognizable exemption to garnishment."). Indeed, it

---

[1] The most pertinent statutory provision to Bateman's request is 18 U.S.C. § 3664(k). Under § 3664(k), a court may "adjust [a] payment schedule" if the defendant demonstrates changed economic circumstances and after specific procedural requirements are satisfied. In his objection, Bateman did not mention this provision, let alone explain whether it is applicable under these circumstances. There is also no indication that Bateman has adhered to the procedural requirements in the provision. *See United States v. Wisdom*, No. 14-20359, 2021 WL 4949226, at *2 (E.D. Mich. Oct. 25, 2021) (finding that the court could not adjust payment schedule where defendant failed to abide by procedural requirements in § 3664(k)).

7

appears that Bateman is not so much "challenging the garnishment order, but rather is attempting to use these proceedings as a means of challenging the restitution order and its terms." *Dela Cruz*, 2017 WL 2060181, at *3. That challenge is not permissible under § 3202(d).

       ii.  <u>Bateman's Claimed Exemptions Are Inapplicable</u>

In addition to Bateman's request to reduce or eliminate his restitution debt, Bateman also claimed certain exemptions from the writ of garnishment. Namely, Bateman alleges that his wearing apparel and schoolbooks; fuel, provisions, furniture, and personal effects not exceeding $11,710 in value; and a minimum amount of wages, salary, and other income should be exempted. *See* ECF No. 9-3.

Under 18 U.S.C. § 3613(a), the Government is permitted to enforce a judgment "against all property or rights to property of the person fined," with certain exemptions. 18 U.S.C. § 3613(a). That provision incorporates some, but not all, of the property exempt from levy under the Internal Revenue Code. *See id.*(a)(1); 26 U.S.C. § 6334(a).

*<u>Minimum Wages/Salary.</u>* Bateman claimed an exemption for minimum wages or salary. However, under 18 U.S.C. § 3613(a)(3), the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. § 1673) apply automatically to a judgment imposing a fine or restitution. *See* 18 U.S.C. § 3613(a)(3). The Consumer Credit Protection Act provides, for its part, that the maximum aggregate disposable

8

earnings of an individual for any workweek which are subject to garnishment may not exceed "25 per centum of his disposable earnings for that week," or "the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage[,]" whichever is less. 15 U.S.C. § 1673(a). As such, the Consumer Credit Protection Act already provides a ceiling on the amount of Bateman's wages that can be garnished, and Bateman need not claim that as an exemption.

To the extent that Bateman seeks to claim the minimum wage exemption under 26 U.S.C. § 6334(a)(9) and (d), that request fails. Section 6334(a)(9) and (d) of the Internal Revenue Code provides a specific formula for determining the amount of wages that are exempt from levy when seizing property for the collection of taxes. Under § 3613(a), however, that exemption cannot be claimed in criminal cases because the statute did not incorporate it. *See* 18 U.S.C. § 3613(a)(1).

*Other Property*. Bateman claimed exemptions for other property, including books, clothes, provisions, and other personal effects. The Government contends that GM does not possess any such property of Bateman's.

Neither party has specifically indicated what GM's relationship is to Bateman. However, Bateman did state that the Government is attempting to "garnish [his] wages," which suggests that GM is Bateman's employer. ECF No. 9, PageID.56. As such, it is unlikely that GM has any physical property of Bateman—such as his

9

personal provisions—and therefore, Bateman's claimed exemptions are inapplicable. However, once GM responds to the writ, it will become clearer what property of Bateman's that GM actually possesses. To the extent that GM has exempt property of Bateman, Bateman is permitted to raise this issue again in response.

### iii. Bateman Is Not Entitled to a Hearing

Bateman requested a hearing on his objections to the writ of garnishment. Although the FDCPA states that the court "shall hold a hearing" at the judgment debtor's request, "courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) (citing cases).

For the reasons described above, Bateman's objections either fall outside of the purview of § 3202(d) or are plainly without merit. Therefore, the Court will not hold a hearing at this time. To the extent that GM's eventual answer raises grounds for Bateman to object, Bateman may raise those objections and request a hearing at that time.

## III.   CONCLUSION

For the foregoing reasons, Bateman's Objection to the Writ of Garnishment, Request for Hearing, and Claim for Exemptions [ECF No. 9] are **DENIED WITHOUT PREJUDICE.** When GM has answered the writ, Bateman is free to respond to that answer and request a hearing if GM's answer raises objectionable issues.

**IT IS SO ORDERED.**

Dated:  September 10, 2025                     /s/Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 10, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager